**OKLAHOMA LIFE INS. CO. v. COPELAND et al.**

No. 21401. Opinion Filed June 7, 1932.

William F. Collins, for plaintiff in error.

Vance & Bliss, for defendants in error.

PER CURIAM. Rosia L. Copeland, plaintiff below, and beneficiary named in a certain "Travel Accident Policy," filed an action in the district court of Cherokee county against the Oklahoma Life Insurance Company, for recovery under said policy on account of the death of C. D. Copeland, the insured.

The defendant answered by way of general denial, and further answered admitting the issuance of the policy, but alleging, in substance, that the insured was shot and killed and was not riding in any vehicle or in any of the several modes set forth and included in said policy, but was riding a horse at the time he was killed; that he fell and dropped therefrom only after and as a sole and proximate result of the wound inflicted upon him by one Mack Turner; that by reason thereof, and under the terms and conditions of the policy, the defendant is not liable, is not and never was an insurer against the cause which resulted in the death of the said C. D. Copeland.

The cause was tried before a jury resulting in a verdict, signed by nine of the jurors, for the plaintiff, in the sum sued for, and from a judgment rendered thereon, the defendant, Oklahoma Life Insurance Company, perfected an appeal to this court.

The plaintiff in error in due time and in compliance with the rules and order of this court filed a brief herein, but the defendants in error have failed to file any answer brief or any other pleading in this cause on appeal, neither have they offered any excuse for their failure to do so. This court has consistently held that:

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court. and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the cause, with directions. in accordance with the prayer of the petition in error." City National Bank v. Coatney, 122 Okla. 233, 253 P. 481.

In the petition in error filed herein, plaintiff in error prays that the judgment of the trial court be reversed, set aside, and held for naught. and judgment rendered in favor of plaintiff in error, defendant below. The authorities cited in the brief of plaintiff in error reasonably tend to support the assignments of error. Upon the statement of the record and evidence as contained in the brief of plaintiff in error. and for the reasons herein stated, this cause is reversed and remanded to the trial court, with directions to vacate its judgment, set aside the ver-

dict of the jury, and render judgment in favor of the plaintiff in error, defendant below, sustaining the demurrer to the evidence and dismissing said cause.